```
 1  3
    IRMA EDMONDS
 2  Post Office Box 3608
    Pinedale, California 93650
 3  (559) 221-2233
 4
 5  Chapter 7 Trustee
 6
 7
 8              UNITED STATES BANKRUPTCY COURT
 9              EASTERN DISTRICT OF CALIFORNIA
10
11  In re:                          Case No. 12-90138-E-7
12                                  DC No. ICE-2
13  FELIBERTO AFAGA
    TERESITA AFAGA                  Date: June 13, 2013
14                                  Time: 10:30 a.m.
                                    Dept.: E
15                                  Courtroom: Modesto Division
            Debtor.       /         1200 I Street, Suite 4, Modesto CA
16
17
          CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER
18    OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542
```

19    IRMA EDMONDS, the Trustee for the Chapter 7 Estate of Feliberto Afaga and

20    Teresita Afaga, hereby seeks an order compelling delivery of property of the estate,

21    and/or turnover of property of the estate pursuant to 11 U.S.C. §542 ("Motion for

22    Turnover"). Trustee requests that this Court enter an order requiring Debtors to

23    deliver/turnover specific items that are property of the estate including 2011 tax refund

24    in the full amount of $4,662.00. This Motion for Turnover is based on the following:

25                                        **FACT**

26    1. This case was commenced by the filing of a Voluntary Chapter 7 petition by

27    the Debtor on January 18, 2012. Trustee was duly appointed Chapter 7 Trustee.

28    ///

2. Debtors as a result of having exhausted their exemptions under Civil Code §703.140 were unable to exempt $4,662.00 of their 2011 Federal and State Income Tax Refund and did not list the asset in Schedule B or Schedule C of their bankruptcy petition.

3. The Trustee made a oral demand for the tax refunds monies to be turned over.

4. Trustee has contacted Debtor's attorney regarding the tax refunds and nevertheless they have not been turned over by his client.

5. The unexempt 2011 tax refund monies are property of the bankruptcy estate and would result in a meaningful distribution to creditors.

## ARGUMENT

11 U.S.C. §521(a) sets forth the duties of the Debtor. 11 U.S.C. §521(a)(4) states that debtor shall "...surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..." 11 U.S.C. §521(a)(4).

11 U.S.C. §704(a) sets forth the duties of the Trustee. 11 U.S.C. §704(a)(1) states that the trustee shall "collect...the property of the estate for which such trustee serves" and 11 U.S.C. §704(a)(4) states that the trustee shall "investigate the financial affairs of the debtor." 11 U.S.C. §704(a). Although Rule 7001(1) of the Federal Rules of Bankruptcy Proceeding states that a proceeding to recover money or property must be brought as an adversary proceeding, Rule 7001(1) specifically excludes "a proceeding to compel the debtor to deliver property to the trustee." Fed.R. Bankr.P. 7001(1)

11 U.S.C. §542(a) states that "an entity, other than a custodian, in possession custody, or control, during the case, of property that the trustee may use, sell, or lease ...shall deliver to the trustee, and account for, such property or the value of such property..." 11 U.S.C. §542(a).

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1)

///

To prevail on a motion for turnover, a trustee must demonstrate that: 1) the property is or was in the debtor's possession, custody or control during the pendency of the bankruptcy case, 2) the property could be used by the trustee or exempted by the debtors, and 3) the property has more than inconsequential value and benefit to the estate. *Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 490 (6th Cir.BAP 2008), cited by *Rynda v. Thompson (In re Rynda)*, 2012 BankrLEXIS 688 *6(9th Circuit BAP2012).

If the foregoing elements are demonstrated, but the debtors are not in possession of the property at the time of the motion, the trustee is entitled to an order requiring the debtors to pay to the trustee the value of the Property. *In re Bailey*, 380 B.R. at 492-493; *Boyer v. Davis (In re U.S.A. Diversified Prods., Inc.)*, 193 B.R. 868, 879 (Bankr. N.D. Ind. 1995); *In re Gentry*, 275 B.R. 747 (Bankr. W.D. Va. 2001). Such an order to pay the value of the Property is enforceable as a money judgment. *White v. Brown (In re White)*, 389 B.R. 693, 699 (9th Cir.BAP 2008).

Wherefore, Trustee prays that the Motion for Turnover be granted and for such other and further relief as is necessary and proper

Dated: April 30, 2013                                  Respectfully submitted,

                                                                     /s/ IRMA EDMONDS
                                                                     **IRMA EDMONDS**
                                                                     Chapter 7 Trustee